IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

_____

Rostra Precision Controls, Inc.,

       Plaintiff,

v.

Brandon Distributing, Inc.,

       Defendant.

_____

Civil No._____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Rostra Precision Controls, Inc. ("Rostra"), for its Complaint against defendant Brandon Distributing, Inc. ("BDI"), states and alleges as follows:

## INTRODUCTION

1.    This is an action for breach of contract to recover amounts owed under a distribution arrangement between Rostra and BDI. As set forth below, Rostra is a leading manufacturer of automotive parts and accessories and, until recently, BDI served as a distributor of Rostra products over the last several years.

2.    During that time period, BDI repeatedly issued purchase orders for Rostra products, which Rostra fulfilled. An invoice was generated each time that a purchase order was processed and product was shipped to BDI, requiring payment within 30 days of the invoice date for the purchased product.

3.    Beginning in approximately the last quarter of 2013, despite continuing to issue purchase orders to and accept product shipped from Rostra in fulfillment of those

orders, BDI breached its distribution arrangement with Rostra by failing to pay Rostra for the invoiced products, or failing to timely and completely pay Rostra for the invoiced products.

4. BDI currently owes Rostra over $200,000.00 for product ordered and accepted by BDI since December 2013, and the entire balance is overdue pursuant to the 30-day payment terms incorporated into each invoice.

## PARTIES

5. Rostra is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Laurinburg, North Carolina. Rostra is a leading manufacturer of automotive parts and accessories, including customized and universal electronic aftermarket cruise control systems, automotive parking assists, exterior vehicle camera systems, automotive lumbar supports, seat massagers and seat heaters, as well as transmission wiring harness and linear solenoid production.

6. Upon information and belief, BDI is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business in Elk River, Minnesota.  BDI distributes automotive parts and accessories, such as those manufactured and sold by Rostra.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over defendant BDI because BDI is incorporated under the laws of the State of Minnesota and regularly conducts business within the State of Minnesota.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship because Rostra and BDI are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this lawsuit occurred in Minnesota and BDI's witnesses and documents are located in Minnesota.

## FACTS

10. For the last several years, and until recently, BDI has purchased and distributed products from Rostra, including Rostra cruise control and related products.

11. Pursuant to this distributor relationship, BDI would issue purchase orders to Rostra for products that BDI sought to purchase from Rostra.

12. Upon receiving a purchase order, Rostra would ship the products to BDI, subject to certain essential terms and conditions, including a description of the goods, the quantity of goods, price, and net-payment terms as set forth in an invoice memorializing the parties' understanding of those terms.

13. Each invoice was intended to represent the terms of a particular sale and served as a contract setting forth the terms of the parties' final agreement with respect to the purchase of Rostra's products.

14. All invoices specified that BDI was to tender payment in full "net 30," that is, within 30 days of the date of the invoice.

15. BDI received and accepted each shipment at issue.

16. BDI never contested the invoices sent with each shipment of merchandise, objected to the terms of sale, or proposed any modifications to those terms.

17. Recently, despite receiving and accepting shipments of Rostra product and then selling much of that product for a profit, BDI has failed to pay or pay in full the corresponding invoices within 30 days of the date of the invoice as required by the terms of the invoices.

18. The total amount BDI failed to pay within 30 days of receiving product from Rostra is in excess of $200,000.00. The entire balance is more than 30 days overdue, in breach of the parties' agreement, and portions of this balance are as much as greater than 160 days overdue.

19. After failing to pay within the proscribed time, Rostra notified BDI of its breach and Rostra's intent to commence suit if full payment was not received in weekly installments by May 8, 2014.

20. BDI did not pay the full balance by May 8, 2014.

21. Although Rostra agreed to (and in fact did) allow BDI to return certain unsold inventory in exchange for a corresponding credit to BDI's outstanding balance, BDI's outstanding balance still exceeds $200,000.00.

22. After applying a credit for the unsold product Rostra took back, the total amount that remains overdue and outstanding on BDI's account is approximately $208,909.91.

# COUNT I
(Breach of Contract under the Uniform Commercial Code,
Minn. Stat. §336.2-101 *et seq.*)

23. Rostra incorporates the foregoing allegations of each of the previous paragraphs by reference as though alleged in full at this point.

24. Pursuant to Minn. Stat. § 336.2-101 *et seq.*, the contracts between Rostra and BDI were between merchants for the sale of goods.

25. BDI issued purchase orders to Rostra for products that BDI sought to purchase from Rostra.

26. Upon receiving a purchase order from BDI, Rostra shipped the requested products to BDI. Each shipment was accompanied by an invoice setting forth the parties' final expression of the terms of sale, and described the goods ordered, the quantity of goods, the price, and stated that the terms of sale were "net 30."

27. BDI did not contest the invoices or object to the invoice terms of sale at any time.

28. Rostra performed all of its contractual obligations to BDI by shipping suitable product to BDI, as evidenced by BDI's acceptance of the product.

29. By failing to tender full payment to Rostra within 30 days of the date of the invoice from Rostra, BDI has breached its contractual obligations to Rostra, and under Minn. Stat. §§ 336.2-301, 336.2-507, 336.2-511, and 336.2-607.

30. As a direct and proximate result of the actions of BDI, specifically BDI's failure to pay Rostra monies due and owing under contract, Rostra has suffered and continues to suffer injury and damages in the amount of $208,909.91, plus incidental

damages and costs as provided for in Minn. Stat. §§ 336.2-706 through 336.2-710, and interest.

31.     As a direct and proximate result of the aforementioned breaches, Rostra has suffered additional damages, which continue to accrue in the form of attorneys' fees and costs related to this litigation.

## COUNT II
(In the Alternative: Unjust Enrichment)

32.     Rostra incorporates the foregoing allegations of each of the previous paragraphs by reference as though alleged in full at this point.

33.     Rostra conferred a benefit upon BDI by shipping to BDI valuable cruise control and related products.

34.     BDI knowingly accepted these products from Rostra and later sold the product for substantial profit without providing payment to Rostra for the product accepted.

35.     BDI was enriched through receipt of the product from Rostra and it would be unjust to allow BDI to retain the value and benefit derived from selling this product without tendering compensation to Rostra.

36.     The value of the cruise control product that was accepted and unjustly retained by BDI is $208,909.91, plus interest.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Rostra Precision Controls, Inc. requests and demands the following relief:

(a) Judgment in Rostra's favor and against BDI in an amount in excess of $200,000.00, plus interest;

(b) An award of costs, expenses, and attorney's fees incurred, to the extent permitted by the parties' agreements and/or otherwise by law; and

(c) For such other relief as the Court deems just and appropriate.

Dated: July 16, 2014							DORSEY & WHITNEY LLP


								By /s/ Heather M. McCann
								    Heather M. McCann #0386881
								    Michael D. Stinson #0392482
								Suite 1500
								50 South Sixth Street
								Minneapolis, MN 55402-1498
								Telephone: (612) 340-2600

								*Attorneys for Plaintiff Rostra Precision Controls, Inc.*